UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ERIK JOHNSON,

       Plaintiff,

v.

ROBERT ALLAN EDGAR, GORDON J.
QUIST, and JEFFERY G. BARSTOW,

       Defendants.
_____/

Case No. 2:14-CV-256

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action brought by a pro se plaintiff against two federal district judges and a state district court judge comes before the Court on Defendants' motions to dismiss. (ECF Nos. 7, 9.) Plaintiff has also filed a motion for default judgment. For the reasons that follow, the motions to dismiss will be granted, and the motion for default judgment will be denied.

**I.**

Plaintiff Erik Johnson, appearing pro se, filed this action in the 41st Circuit Court for the State of Michigan against United States District Court Judges Robert Allan Edgar and Gordon J. Quist of the Western District of Michigan, and Michigan District Court Judge Jeffery G. Barstow of the 95A District Court in Menominee, Michigan. Plaintiff alleges that Defendants have committed fraud and acted negligently. Plaintiff seeks equitable relief and $6 million in damages.

The federal defendants removed the action to this court because Plaintiff's claim is against an officer of the United States sued in an official or individual capacity for an act under color of such office. *See* 28 U.S.C. § 1442(a)(1). Defendants have filed motions to dismiss.

**II.**

Defendants' move to dismiss Plaintiff's complaint pursuant to rule 12(b)(6) on the basis of absolute judicial immunity and for failure to state a claim.

Rule12(b)(6) permits a court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The availability of absolute judicial immunity is the proper subject of a Rule 12(b)(6) motion to dismiss. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). In reviewing a Rule 12(b)(6) motion, this court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012).

**A. Judicial Immunity**

Both federal and state law accord judges absolute immunity from liability for damages for acts performed in the exercise of their judicial functions. "No immunity doctrine affecting persons is more strongly established than that of judicial immunity." *Kurz v. State*

*of Mich.*, 548 F.2d 172, 174 (6th Cir. 1977) (dismissing action against state circuit judge for actions performed in the discharge of his official duties on the basis of judicial immunity). Absolute judicial immunity protects the finality of judgments and discourages inappropriate collateral attacks. *Forrester v. White*, 484 U.S. 219, 225 (1988). It also preserves judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Judicial immunity "serves the public interest in enabling such officials to perform their designated functions effectively without fear that a particular decision may give rise to personal liability." *Clinton v. Jones*, 520 U.S. 681, 693 (1997). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly," because such immunity benefits "the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (quoting *Bradley v. Fisher*, 13 Wall. 335, 349 n.16 (1871)).

In Michigan, the common law doctrine of absolute judicial immunity has been codified in a statute:

> A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

Mich. Comp. Laws § 691.1407(5).

"Judicial immunity can be overcome under only two circumstances. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken

3

in the complete absence of all jurisdiction.'" *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Whether an act by a judge is a "judicial" one relates to "'the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). In determining whether a judge has acted in the complete absence of all jurisdiction, "the judge's jurisdiction must be construed broadly." *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley*, 13 Wall. at 351).

Plaintiff's allegations against Judge Edgar and Judge Quist, construed in the light most favorable to Plaintiff, is that they denied Plaintiff's motions for recusal in actions filed by Plaintiff where they held financial interests that affected their impartiality. Thereafter they dismissed Plaintiff's cases. A judge's resolution of a motion for recusal is an act typically performed by a judge. So too, is a judge's entry of an order on a motion to dismiss. In both of the cases at issue, Plaintiff dealt with the judges in their judicial capacity. The judges' actions were not taken in the complete absence of all jurisdiction.

Plaintiff's allegations against Judge Barstow, construed in the light most favorable to Plaintiff, is that he entered an order of possession against Plaintiff without a jury trial despite

4

Plaintiff's demand for a jury trial and payment of a $50.00 jury demand fee. A judge's resolution of a motion for summary disposition is an act typically performed by a judge. In the case Plaintiff complains about, Plaintiff dealt with Judge Barstow in his judicial capacity. Judge Barstow's entry of an order of summary judgment in that case was not taken in the complete absence of all jurisdiction.

In response to Defendants' motions to dismiss, Plaintiff has not addressed the substance of Defendants' judicial immunity argument and has made no effort to counter Defendants' assertions that they are entitled to judicial immunity. Plaintiff merely asserts that Defendants acted in their own personal interests, that they were in dishonor, and that they committed treason by violating their oaths to the Constitution of the United States. As noted above, even if Plaintiff's allegations of bias, corruption, fraud, or negligence, are taken as true for purposes of this motion, they do not overcome the application of judicial immunity. Accordingly, all three Defendants, Judge Edgar, Judge Quist, and Judge Barstow, are immune from Plaintiff's claims for monetary relief.

Plaintiff requests not only monetary relief against the three judges, but also injunctive relief for alleged violations of Plaintiff's constitutional rights in the form of "immediate relief for the plaintiff's property, and deed provided to Plaintiff," and the reinstatement of all the cases as a result. (Compl., ECF No. 1, Page ID#24.) Plaintiff's claim for injunctive relief against the judges fares no better than his claim for monetary relief. As a general rule, judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting

5

in his judicial capacity. *Pulliam v. Allen*, 466 U.S. 522, 539-40 (1984). However, when a judge is sued for civil rights violations under 42 U.S.C. § 1983 (state actor) or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (federal actor), judicial immunity does apply to claims for injunctive relief. *See Gilbert v. Ferry*, 401 F.3d 411, 414 n.1 (6th Cir. 2005) (noting that state court administrator who was performing an essential judicial function was "absolutely immune from injunctive relief under the judicial immunity doctrine"); *Butz v. Economou*, 438 U.S. 478, 496 (1978) (noting that § 1983 actions are instructive for deciding whether judicial immunity applies to *Bivens* actions); *see also Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Counties*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity."). Here, the injunctive relief Plaintiff is requesting can only be granted by Defendants in their official capacities. Accordingly, the Court concludes that judicial immunity also precludes Plaintiff's claim for injunctive relief against these Defendants.

**III.**

The federal Defendants have also argued, in the alternative, that they are entitled to dismissal of Plaintiff's complaint for failure to state a claim on which relief can be granted.

Plaintiff's claims against the federal judges are based on his assertion that the judges

owned shares of mutual funds that held securities in a company that was a party to the litigation. Even if the Court takes Plaintiff's allegations as true, Plaintiff's allegations do not allege a "financial interest" that requires recusal.

Federal law provides that a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, including where he has "a financial interest in the subject matter in controversy." 28 U.S.C. § 455(b)(4). For purposes of the recusal statute, the term "financial interest" means "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that: (i) Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." 28 U.S.C. § 455(d)(4)(i); *see also* Code of Conduct for United States Judges Canon 3(C)(3)(c) (same). Accordingly, even if the federal defendants were not protected by judicial immunity, Plaintiff's complaint would be subject to dismissal on the independent ground that Plaintiff failed to state a claim on which relief can be granted.

## IV.

Plaintiff has filed a motion for default judgment. A default judgment can only be considered after a default has been entered. Fed. R. Civ. P. 55. Plaintiff has not filed a request for entry of default in this Court, no default has been entered, and Defendants filed their motions to dismiss on January 14, 2015 (ECF No. 7), and January 30, 2015 (ECF No.

9), well within the February 20, 2015, deadline set by the Court (ECF No. 5).

Plaintiff did attach to his notice of remand (ECF No. 4) a copy of a notice of default he purportedly filed in the state court on December 27, 2014. (ECF No. 4-1.) That purported filing does not qualify as a request for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure because it was not filed as a request for relief in this Court, and Plaintiff did not attempt to file it in the state court until after this case had already been removed to federal court (ECF No. 1), and after Defendants had already filed a motion for extension of time to respond (ECF No. 2).

Even if the Court were to consider Plaintiff's notice of default as a request for entry of default, the request would be denied on several grounds, including: (1) Plaintiff's failure to include a showing that Defendants failed to plead or otherwise defend within the relevant time period, Fed. R. Civ. P. 55(a); (2) the request was filed before the federal defendants' 60 days for responding to the complaint had expired, Fed. R. Civ. P. 12(a)(2); and (3) Plaintiff failed to establish a claim or right to relief, which is a requirement before a default can be entered against the United States, Fed. R. Civ. P. 55(d). For all these reasons, Plaintiff's motion for default judgment (ECF No. 10) will be denied.

An order and judgment consistent with this opinion will be entered.


Dated: February 27, 2015                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE